# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALFONZO B. SALLEY,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:12-1515** |
| : | |
| v. : | **(MANNION, D.J.)**[1] |
| : | **(BLEWITT, M.J.)** |
| **JOHN E. WETZEL,** *et al.*, : | |
| : | |
| **Defendants** : | |
| : | |

## **MEMORANDUM**[2]

Presently before the court is the report and recommendation of Magistrate Judge Thomas M. Blewitt, (Doc. No. 17). Judge Blewitt recommends that the motion for leave to proceed *in forma pauperis*, (Doc. No. 2), be granted; the plaintiff's amended complaint, (Doc. No. 15), be dismissed with prejudice in part and without prejudice in part; certain claims be transferred to the Western District of Pennsylvania (WDPA); and, the plaintiff's motion for a restraining order, (Doc. No. 16), be denied. For the reasons stated below, the court will adopt the report and recommendation in

---

[1] The instant action was originally assigned to the Honorable A. Richard Caputo. Pursuant to the verbal order dated January 7, 2013, the matter was reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

all parts except as to the recommendation to transfer to the WDPA.

## I. BACKGROUND

On August 6, 2012, the plaintiff, an inmate currently confined at the State Correctional Institution in Houtzdale, Pennsylvania (hereinafter "SCI-Houtzdale"), filed a *pro se* complaint alleging violations of his federally protected rights pursuant to 42 U.S.C. §1983. On October 3, 2012, Judge Blewitt issued an order, (Doc. No. 10), which, in part, directed the plaintiff to file an amended complaint. The order specifically informed the plaintiff that his thirty-three page complaint contained unrelated and improperly pled claims, in violation of Federal Rules of Civil Procedure 8 and 20. The court directed plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure.

On November 23, 2012, the plaintiff filed his amended complaint, (Doc. No. 15). The amended complaint comprises thirty-seven pages and names seventy-three defendants. Judge Blewitt diligently recapitulated the claims erratically set forth in the plaintiff's amended complaint. As stated by Judge Blewitt, the main allegation is a vast conspiracy to retaliate against the plaintiff for past grievances and lawsuits. The conspiracy is alleged to involve employees at all levels of the Pennsylvania Department of Corrections in addition to Federal Judge Sylvia Rambo and former Federal Judge Andrew Smyser of this court. The allegations date back as far as 1998 and include

2

alleged violations of the plaintiff's First, Eighth and Fourteenth Amendment rights. Specifically, the plaintiff alleges that various groups of defendants deprived him of personal property and legal papers, filed false misconduct reports, denied him basic conditions of confinement and medical care, failed to take remedial action against other defendants who had violated his rights, keeping him in administrative segregation and treating him differently than other inmates.

On January 14, 2013, the plaintiff filed a motion for a "restraining order" alleging further retaliation by prison officials at SCI-Houtzdale, (Doc. No. 16).

On January 22, 2013, Judge Blewitt issued the instant report and recommendation in which he recommends that: (1) the plaintiff's motion to proceed *in forma pauperis* be granted; (2) all claims raised against Judge Rambo and Judge Smyser be dismissed with prejudice on the basis of judicial immunity; (3) all claims arising before July 25, 2010 be dismissed with prejudice as they exceed the two year statute of limitations for §1983 claims; (4) the plaintiff's request to be transferred to another facility be dismissed with prejudice; (5) the plaintiff's request for expungement of misconduct reports filed against him be dismissed without prejudice pending exhaustion of administrative remedies; (6) the plaintiff's request for a court order to return the plaintiff's allegedly stolen property be dismissed without prejudice pending exhaustion of administrative remedies; (7) claims alleged to have occurred at

3

SCI-Houtzdale, SCI-Pittsburgh and SCI-Fayette be transferred to the United States District Court for the Western District of Pennsylvania; (8) the remainder of the amended complaint be dismissed without prejudice; and, (9) the plaintiff's motion for restraining order be denied.

On February 11, 2013, the plaintiff filed objections to Judge Blewitt's report and recommendation, (Doc. No. 17). On March 4, 2013, the plaintiff filed an exhibit in support of his objections, (Doc. No. 22). Much of the plaintiff's twenty-four page objection is devoted to outlining new factual allegations, arising after the filing of the amended complaint, and reasserting prior allegations. Nevertheless, the court is able to discern four objections from the plaintiff's scattered submission. The plaintiff objects to Judge Blewitt's findings that: (1) the plaintiff has failed to properly plead the existence of a conspiracy, (Doc. No. 17 at 10); (2) Judges Rambo and Smyser are entitled to judicial immunity (Id. at 11); (3) the plaintiff's complaint fails to meet the requirements of Federal Rule of Civil Procedure 20, (Id. at 18); (4) it would be futile for the plaintiff to amend his complaint, (Id. at 19); and, (5) the plaintiff has had unfettered access to the court in the instant action, (Id. at 2).

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of

4

a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. *See* [28 U.S.C. §636(b)(1)](); [*Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)](). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See* [*Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000)]() (citing [*United States v. Raddatz*, 447 U.S. 667, 676 (1980)]()).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." [Fed. R. Civ. P. 72(b)](), advisory committee notes; *see also* [*Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010)]() (citing [*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)]() (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. [28 U.S.C. §636(b)(1)](); Local Rule 72.31.

## III.    DISCUSSION

The central claim of the plaintiff's amended complaint is a vast

5

conspiracy among all seventy-three defendants to deprive him of his rights. The plaintiff appears to agree that to properly plead a conspiracy claim "a plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000)(quoting *Panayotides v. Rabenhold*, 35 F.Supp.2d 411, 419 (E.D.Pa. 1999)*, see also Tindell v. Beard*, 351 Fed.Appx. 591, 594 (3d Cir.2009)(citing *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir.1989)); Doc. No. 17 at 15; Doc. No. 21 at 11. The plaintiff believes that his amended complaint demonstrates sufficient facts under this standard. The court, however, agrees with Judge Blewitt's finding that the plaintiff has failed to demonstrate sufficient evidence of the existence of a conspiracy. The plaintiff's amended complaint contains numerous factual allegations related to the alleged acts which deprived him of his rights. The amended complaint does not, however, contain any facts specific to the formation or maintenance of a conspiracy. Rather the plaintiff relies on conclusory allegations that each of the individual acts are somehow linked and therefore part of a conspiracy against him. Such bald conslusory assertions cannot support his claim.

In light of the fact that the plaintiff has failed to properly support his allegations of a conspiracy, Judge Blewitt examined the various individual claims raised in the amended complaint. Judge Blewitt recommends that time

6

barred claims, the request for a transfer to another facility and all claims against the two Judges be dismissed with prejudice and the remainder of the scattered claims be either transferred to the WDPA or dismissed without prejudice.

The plaintiff does not appear to object to Judge Blewitt's recommendation that any claims arising beyond the two year statute of limitations for §1983 actions be barred. *See Karchnak v. Swatara Township, et al., 540 F.Supp.2d 540, 545-46 (M.D.Pa. 2008)*. Based on the facts presented in the amended complaint and the finding of the absence of a conspiracy, the court can see no reason why the two year statute of limitations would not apply to bar all claims arising before July 25, 2010, as recommended.[3]

Similarly, the plaintiff does not appear to object to Judge Blewitt's determination that he is not entitled to be transferred to another correctional facility. In this regard, the law is well settled that an inmate has no constitutional right to confinement at any particular prison and, as such, the court will adopt Judge Blewitt's recommendation. *See Olim v. Wakinekona, 461 U.S. 238, 245 (1983)*.

With respect to the individual allegations raised against Judges Rambo

---

[3] Pursuant to the "prison mailbox rule," the petition is considered filed on the day that the petitioner delivered it to prison officials for mailing to the district court. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

7

and Smyser of this court, Judge Blewitt found that absolute judicial immunity applies. The plaintiff argues that judicial immunity should not apply because the judges acted beyond their jurisdiction when they partook in the conspiracy against him. The court finds that the plaintiff has failed to demonstrate the existence of a conspiracy and has failed to demonstrate that the broadly applicable immunity afforded to judges does not apply. The plaintiff has alleged no facts beyond his belief that the judge's rulings were retaliatory in nature. A judge's rulings are at the core of the judicial acts insulated from attack by judicial immunity. *See [Stankowski v. Farley, 487 F.Supp.2d 541 (M.D.Pa. 2007)](#).* As such, the court finds that Judge Rambo and Judge Smyser are immune from suit for damages and any request by the plaintiff to amend his claim would be futile.

Judge Blewitt similarly found that, in the absence of a conspiracy, the plaintiff's remaining claims are not sufficiently related under [Federal Rule of Civil Procedure 20](#), to be joined. The plaintiff objected, stating that the claims should be allowed to be brought together. In addition, the plaintiff argues that he should be afforded a second opportunity to amend his complaint.

Rule 20(b) defines the limits of defendants that can be joined to a single action when: "(A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any

8

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b). The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See Pruden v. SCI Camp Hill*, 252 Fed. Appx. 436 (3d Cir. 2007). The plaintiff's claims date back to 1998 and involve alleged incidents at several correctional facilities in both the Middle and the Western Districts of Pennsylvania. The plaintiff alleges that all of his claims arise from the same conspiracy, but the court has already found that the conspiracy claim is not properly supported. As such, the court agrees with Judge Blewitt that remaining isolated incidents are not sufficiently related, so as to be properly joined in one action. The court similarly agrees that no amendment to the pleading would be able to cure the temporal and geographic gaps between the claims the plaintiff presented in his amended complaint. Moreover, Judge Blewitt's order of October 3, 2012, (Doc. No. 10), clearly explained to the plaintiff the requirements of Rule 20, to which the plaintiff responded with an amended complaint containing more unrelated claims and over sixty new defendants. Therefore the court finds that dismissing the plaintiff's claims, without prejudice, to be appropriate in light of the plaintiff's failure to properly limit his claims pursuant to the prior court order. Finding that the amended

9

complaint warrants dismissal without prejudice for failing to meet the requirements of Rule 20, it also appears that the requests for expungement of misconduct reports and the return of personal property should be dismissed without prejudice on exhaustion grounds as well.

With respect to the recommendation that the plaintiff's claims that allegedly arose in the WDPA be transferred to that district, at this time the court finds that to transfer the plaintiff's piecemeal filings for another court to sift through would not be in the interests of justice, nor judicial economy. Rather, since the plaintiff has failed to comply with the requirements of Rule 20, the better course of action is to dismiss the amended complaint as noted above.

In sum, with the exception of the claims against Judges Rambo and Smyser, the request for transfer, and any claims that occurred before July 25, 2010, the plaintiff's complaint is dismissed without prejudice. The plaintiff may pay the appropriate filing fee(s) and file a complaint or separate complaints that comply with Rules 8 and 20 regarding any claims arising from events which occurred after July 25, 2010. The plaintiff must file his new complaint or complaints in the appropriate district based upon where the underlying events occurred and must ensure all administrative remedies have been properly exhausted.

Finally, the plaintiff objects to Judge Blewitt's determination that he has

had unfettered access to the court during this proceeding. To support his objection, however, the plaintiff merely presents new allegations of ongoing retaliation by prison officials at SCI-Houtzdale. The court takes such allegation seriously, but ultimately agrees with Judge Blewitt in finding that the plaintiff's fervent participation in this litigation indicates to the court that he has been provided meaningful access to the court. On January 14, 2013, the plaintiff filed a motion for a restraining order alleging ongoing retaliation against him. (Doc. No. 17). On January 24, 2013, the plaintiff filed two letters with the court, (Docs. No. 18, 19). On February 4, 2013 the plaintiff filed a third letter, (Doc. No. 20). On February 11, 2013, the plaintiff filed his formal objections to Judge Blewitt's report and recommendation, (Doc. No. 21). Finally, on March 4, 2013, the plaintiff filed a 106 page exhibit in support of his objections, (Doc. No. 22). In light of the plaintiff's active filing, the court agrees with Judge Blewitt's determination that the plaintiff has not been hindered in his access to the courts during this proceeding.[4]

## IV. CONCLUSION

Finding that judicial immunity applies, claims for damages against

---

[4] Even had there been any substance to this allegation, normally a motion for injunctive relief must be brought before the United States District Court where the alleged violation occurred. Here, SCI-Houtzdale is located in the WDPA.

11

Judges Rambo and Smyser will be dismissed with prejudice. Finding that the two year statute of limitations applies, any alleged constitutional claims arising before July 25, 2010 are barred. In addition, the plaintiff's request for transfer to an alternate prison facility is dismissed with prejudice. The remainder of the plaintiff's amended complaint is dismissed without prejudice for failure to comply with the court's directive to file an amended complaint that complies with <u>Federal Rule of Civil Procedure 8</u> and for violating <u>Federal Rule of Civil Procedure 20</u>. (Doc. No. 10). If the plaintiff attempts to file a new complaint or complaints, they must be filed before the appropriate district court and only contain claims that arose after July 25, 2010, provided that appropriate administrative remedies have been exhausted. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 20, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1515-01.wpd